NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 27 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ALEXANDER ANTONIO CAMPOS-DUARTE,<br><br>Petitioner,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>Respondent. | No.  20-71222<br><br>Agency No. A200-939-266<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 17, 2021**

Before:     SILVERMAN, CHRISTEN, and LEE, Circuit Judges.

Alexander Antonio Campos-Duarte, a native and citizen of El Salvador,

petitions pro se for review of the Board of Immigration Appeals' ("BIA") order

dismissing his appeal from an immigration judge's decision denying his

application for withholding of removal and relief under the Convention Against

---

    *     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    **    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, including determinations regarding social distinction. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241-42 (9th Cir. 2020). We review de novo the legal question of whether a particular social group is cognizable, except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations. *Id*. We deny the petition for review.

Substantial evidence supports the agency's determination that Campos-Duarte failed to establish that his proposed social group is socially distinct. *See id.* at 1243 (substantial evidence supported the agency's determination that petitioner's proposed social group was not cognizable because of the absence of society-specific evidence of social distinction). Therefore, the BIA did not err in concluding that Campos-Duarte did not establish membership in a cognizable particular social group. *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (in order to demonstrate membership in a particular social group, "[t]he applicant must 'establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question'" (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014))). Thus, Campos-Duarte's withholding of removal claim fails.

Substantial evidence also supports the BIA's denial of CAT relief because

Campos-Duarte failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to El Salvador. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

The temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**